[Doc. No. 39]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

HELEN LOVE,

       Plaintiff,

    v.                                           Civil No. 07-3661 (JEI/JS)

NEW JERSEY DIVISION OF YOUTH &
FAMILY SERVICES, et al.

       Defendants.

## OPINION AND ORDER

This matter is before the Court on the "Motion for Protective Order Under Fed. R. Civ. P. 26(c)(1)" [Doc. No. 39] filed by plaintiff.  The Court has received the response of defendants [Doc. No. 41] and exercised its discretion to decide plaintiff's motion without oral argument (see Fed. R. Civ. P. 78; L. Civ. R. 37.1(b)(3)).  For the reasons to be discussed, plaintiff's motion is DENIED.

Plaintiff's complaint was filed on August 3, 2007.  Plaintiff alleges she was a foster parent under the supervision of DYFS employee Bruce Fitzgerald.  Plaintiff further alleges "Fitzgerald embarked on a course of coercive sexual aggression" against her. See Complaint at ¶12, Doc. No. 1.  Plaintiff also contends Fitzgerald assaulted her foster daughter on August 10, 2005 and convinced her "through physical intimidation both implicit and

explicit, that she would not be believed if she exposed him." Id.

Plaintiff's motion arises from defendant's subpoena to take the deposition of her former counsel, William Tobolsky, Esquire.[1] Defendant's subpoena also requests that Mr. Tobolsky produce his entire file regarding his representation of plaintiff. Plaintiff argues that her communications with Mr. Tobolsky are protected by the attorney-client privilege and therefore defendants' subpoena should be quashed.

Mr. Tobolsky was retained by plaintiff in connection with the abuse investigation conducted by DYFS, the removal of the foster child from plaintiff and plaintiff's license revocation. On October 12, 2005, Mr. Tobolsky wrote to the New Jersey Attorney General's Office and advised it that, "Ms. Love has ... advised me that she had one incident of consensual sex with Mr. Fitzgerald in approximately July 2005, which took place in the bedroom of her house. There was also a previous incident in the spring when they kissed." Mr. Tobolsky's letter indicates that he "secured ... [plaintiff's] permission" to convey this infraction. See Exhibit A to Defendants' September 28, 2009 Letter Brief, Doc. No. 41. Plaintiff is copied on the letter. Id., Mr. Tobolsky wrote his letter to correct oral statements plaintiff previously gave to a DYFS Investigator. In a separate letter Mr. Tobolsky told

---

[1]Earlier in the case plaintiff's counsel served Mr. Tobolsky with a subpoena and deposition notice but that request was subsequently withdrawn.

plaintiff he was withdrawing as her attorney.  Plaintiff denies she
had a consensual relationship with Fitzgerald.  Plaintiff also
denies she gave Tobolsky permission to reveal any communications.

The first issue the Court must address is whether plaintiff's
alleged communication with Mr. Tobolsky regarding her relationship
with Fitzgerald is privileged.  If not, then plaintiff's motion
should be denied because the communication is relevant to issues in
the case and if not privileged must be produced.[2]

A court sitting in a diversity action applies state law with
regard to the attorney-client privilege.  The burden of
establishing that a communication or document is privileged is on
the party asserting the privilege.  Torres v. Kuzniasz, 936 F.
Supp. 1201, 1208 (D.N.J. 1996).  The attorney-client privilege
protects communications when: (1) the asserted holder of the
privilege is or sought to become a client, (2) the person to whom
the communication was made (a) is a member of the bar of a court,
or his subordinate and (b) in connection with this communication is
acting as a lawyer, (3) the communication relates to a fact of
which the attorney was informed (a) by his client (b) without the
presence of strangers (c) for the purpose of securing primarily
either (i) an opinion on law or (ii) legal services or (iii)
assistance in some legal proceeding, and (d) not for the purpose of

---

[2]The communication bears on plaintiff's credibility, her
suitability as a foster parent, and other relevant issues.

3

committing a crime or tort, and (4) the privilege has been (a) claimed and (b) not waived by the client.  Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F. 3d 851, 862 (3d Cir. 1994).  The attorney-client privilege does not apply merely because a statement was made by or to an attorney.  Nor does the privilege apply simply because it conveys advice that is legal in nature.  HPD Laboratories, Inc. v. Clorox Co., 202 F.R.D. 410, 414 (D.N.J. 2001).  Instead, the privilege "protects only those disclosures - necessary to obtain informed legal advice - which might not have been made absent the privilege."  Westinghouse Elec. Corp. v. Republic of the Philippines, 951 F.2d 1414, 1424 (3d Cir. 1991)(emphasis in original)(citation omitted).

The Court finds that the communication at issue is not privileged because plaintiff has not satisfied her burden of demonstrating that the purpose of the communication was to secure an opinion on law, legal services or assistance in some legal proceeding.  It appears that the purpose of the communication was to correct a falsehood plaintiff relayed to the Attorney General's office.  As noted by Mr. Tobolsky, the purpose of the communication was to provide a "full factual picture of what was involved."  Since plaintiff has not presented evidence satisfying her burden of proving all required elements of the attorney-client privilege, the communication at issue is not privileged and is a proper subject of discovery.  Accord Morisky v. Public Service Elec. And Gas Co., 191

4

F.R.D. 419, 424 (D.N.J. 2000)("factual information conveyed to an attorney by a client is not shielded from discovery by the attorney-client privilege").

Even if plaintiff's communication to Mr. Tobolsky was privileged, which is not the case, the Court finds that plaintiff waived the privilege. In general, the attorney-client privilege is waived when privileged information is disclosed to a person outside of the attorney-client relationship. <u>Westinghouse Elec. Corp.</u>, <u>supra</u>, 951 F.2d at 1424. The act of disclosing privileged information to a third-party indicates that the client did not intend to keep the communication secret. <u>In re Teleglobe Communications Corp.</u>, 493 F.3d 345, 361 (3rd Cir. 2007). A disclosure to a third-party waives the attorney-client privilege even if the third-party agrees not to disclose the information to anyone else. <u>Westinghouse Elec. Corp.</u>, 951 F.2d at 1427.

The Court finds that plaintiff impliedly waived the attorney-client privilege insofar as it relates to her relationship with Fitzgerald. Mr. Tobolsky's letter was sent to the Attorney General's office in October, 2005. Since the communication at issue was sent to a third person this results in a waiver of the attorney-client privilege. The Court is aware that plaintiff now claims she did not authorize the disclosure. However, plaintiff was copied on Mr. Tobolsky's letter and the Court reasonably infers that she knew about the disclosure long ago. There is no evidence

that plaintiff expressed any objection to Mr. Tobolsky's disclosure before her motion was filed.  Plaintiff's failure to timely object to Mr. Tobolsky's disclosure over a period of years resulted in a waiver of her objection to the disclosure.  Waiver is justified because plaintiff was or should have been aware of Mr. Tobolsky's disclosure and she did not take timely and appropriate steps to object to the disclosure. See Balazinski v. Lebid, 65 N.J. Super. 483, 494-95 (App. Div. 1961)(client may waive the right to assert the attorney-client privilege by lack of a timely objection to a disclosure).  See also In re DelCorso, 382 B.R. 240, 246 n.6 (E.D.Pa. 2007)(the failure to object to a disclosure indicates consent to the disclosure).[3]

Despite this Court's finding that the communication at issue is not privileged, and if the privilege is applicable the privilege was waived, the Court will grant plaintiff's motion in part.  For present purpose the only appropriate subject area of Mr. Tobolsky's deposition and document production relates to plaintiff's

---

[3]Defendants argue that if the requested communications and documents are privileged the privilege should be pierced under Matter of Kozlov, 79 N.J. 232, 243-44 (1979).  Pursuant to Kozlov a privileged communication should be produced if: (1) there is a legitimate need by the requesting party for the evidence sought to be shielded, (2) the document is relevant and material to the issues before the court, and (3) the requested information could not be secured from a less intrusive source.  The Court agrees that defendants are permitted to question Tobolsky pursuant to Kozlov.  The communication at issue concerns a key issue in the case, defendants obviously have a legitimate need for the information and defendants cannot obtain the information from a less intrusive source.

communications regarding her relationship with Fitzgerald.  As noted in Emmanouil v. Roggio, C.A. 06-1068 (GEB), 2009 WL 961275, at * 3 (D.N.J. 2009)(citation omitted), privilege waiver is limited to "the specific communications and disclosure at issue in the claim or defense." Emmanouil, supra.  Accordingly, to the extent defendants seek to question Tobolsky about all of his communications with plaintiff, plaintiff's motion is granted.  Defendants may only question Tobolsky about issues relevant to plaintiff's relationship with Fitzgerald.

Accordingly, for all the foregoing reasons,

IT IS HEREBY ORDERED this 2nd day of March, 2010, that plaintiff's Motion for Protective Order is GRANTED in part and DENIED in part; and

IT IS FURTHER ORDERED that plaintiff's request to bar the deposition of Mr. Tobolsky and the production of his entire file is DENIED; and

IT IS FURTHER ORDERED that defendants may depose Mr. Tobolsky and obtain documents from his file but only to the extent that the deposition questions and documents are relevant to plaintiff's relationship with Mr. Fitzgerald;[4] and

---

[4]The Court rejects plaintiff's argument that pursuant to Fed. R. Evid. 502(b), her disclosure does not result in a waiver. First, there was no "inadvertent" disclosure in this case. Tobolsky's letter states that it was sent with plaintiff's consent.  Further, plaintiff did not take timely steps to object to Tobolsky's disclosure after she learned about it.  See U.S. v. Sensient Colors, Inc., C. A. No. 07-1275 (JHR/JS), 2009 WL

IT IS FURTHER ORDERED that Mr. Tobolsky's deposition shall be taken before March 31, 2010.

s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

2905474, at *6 (D.N.J. Sept. 9, 2009)(finding a privilege waiver, in part, because the disclosing party did not take prompt steps to rectify an alleged inadvertent disclosure).